UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

In the Matter of the Extradition of  )
                                     )     MJ No. 24-6689
Dalin Philogene                      )

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to Canada.

2. There is an extradition treaty in force between the United States and Canada.[1]

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of Dalin Philogene ("Philogene") with a view toward his extradition.

4. According to the information the Government of Canada has provided, Philogene is accused of: (1) sexual assault against a person under the age of sixteen years, in violation of section 271(a) of the Canadian Criminal Code ("CCC"); (2) luring a child, in violation of section 172.1 (l)(b) and (2)(a) of the CCC; (3) sexual interference, in violation of section 151(a) of the

---

[1] *See* Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, as amended by Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990); and Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

CCC; (4) invitation to sexual touching, in violation of section 152(a) of the CCC; (5) luring a child, in violation of section 172.1 (l)(a) and (2)(a) of the CCC; (6) obtaining sexual services for consideration from a person under the age of eighteen years, in violation of section 286.1(2) of the CCC; and (7) forcible confinement, in violation of section 279(2)(a) of the CCC.

5. These offenses were committed within the jurisdiction of Canada. On June 25, 2024,[2] Justice of the Peace Eric Downs of the Court of Québec for the district of Montréal issued a warrant for Philogene's arrest for the aforementioned offenses.

6. According to the information from the Government of Canada:

    a. Philogene is approximately thirty-eight years old. On June 16, 2024, the victim ("F.C." or the "victim") and her mother ("F.B.") provided a statement to Canadian police. According to the victim: Philogene spotted the victim at a dollar store in January 2024. At the time, the victim was thirteen years old. Philogene approached her at the store, paid her some compliments, asked her about her age, and tried to get her phone number. The victim claimed that she was seventeen years old and told Philogene that she did not own a phone because her mother did not allow it. Over the following months, Philogene approached the victim several times as she was shopping in the neighborhood. He repeated his compliments every time and offered to buy her a phone. During her conversations with Philogene, the victim repeatedly referred to her mother and her need for her approval to own a phone or to leave the house after school.

    b. In May 2024, Philogene exchanged Facebook profile information with the victim and started a message thread with her on the application, in which he asked about her sexual

experience and whether she had ever had sexual intercourse or masturbated. Those messages continued until June 2024.

      c.      Also in May 2024, Philogene sent the victim a message on Facebook Messenger, offering her an iPhone in exchange for sex. The victim refused, telling Philogene that he was asking too much.

      d.      Later in May 2024, Philogene informed the victim that he had obtained a phone, and they arranged to meet that same day at the dollar store where they first met. According to the victim, Philogene asked her to get into his car. The victim recognized the car as the same white car Philogene has posted on his Facebook profile. She initially refused to enter the vehicle but then reluctantly accepted on the express condition that he would not touch her. Once in the car, the victim felt uncomfortable and told Philogene, "I think I will get out." Philogene locked the doors. The victim tried to open the car door, but Philogene held her by the wrist and told her that it was useless to try and open the doors because that would not work. The victim screamed for Philogene to stop, but Philogene started the car and drove to his residence.

      e.      In his apartment, Philogene told the victim that she was beautiful and that he loved her. According to the victim, she asked Philogene why he wanted to force sex with an underage person. She told Philogene that she was seventeen years old but also asked him "what if she was 13 or one of his daughters." Philogene responded that if the victim did not want sex, "you can suck me." The victim refused. Philogene told the victim to wait for him in the bedroom and that he would "show" her. The victim thought of the cell phone he had promised her and told him to "be quick". She described being on her knees while Philogene stood in front

---

[2] This warrant replaced an earlier warrant for the same offenses, which Justice of the Peace Geneviève Claude Parayne of the Court of Québec for the district of Montréal issued on June 20,

of her and put his penis in her mouth. The victim pushed him off with her hands. Philogene then took her head with both his hands and forced his penis in her mouth. He used his hands to force the victim's head and kept his penis in her mouth while moving back and forth. The victim cried. Philogene told her not to cry and stated that he will not kill her. This made the victim think he might kill her. Philogene told the victim that she needed to cooperate for this to work and that he would not stop until it worked. The victim became nauseous and tried to stop, but Philogene kept his hold on her head. She started suffocating and used her hands to push him off again. Philogene tried to lift her up, but the victim told him to let her go and ran away.

  f. Also according to the victim: The next day, Philogene contacted the victim and stated that he would give her the phone without requesting any further sexual favors. The victim agreed to meet with him that same day. She got into Philogene's car, where he showed her the promised cell phone in the console between the two front seats. She reached for the phone, but Philogene took it away. He told her that he would give her the phone only if she had sex with him. Then Philogene drove the victim back to his apartment, where he eventually hid the cellphone. The victim undressed in the bathroom and came back to the bedroom, where she found Philogene naked. The victim stated that she was alarmed that he did not have a condom and asked why he would have sex with a child without a condom. She lay in the bed on her back and said, "You only do it for 2 minutes." Philogene forcefully penetrated her with his penis, without a condom, for approximately 20 minutes. The victim experienced a headache, abdominal cramps, and difficulty breathing. She began crying during intercourse, and Philogene put his hand on her mouth to muffle her screams. After intercourse, Philogene gave the victim the cell phone and attempted to force a kiss on her as she was leaving.

2024.

g. According to the victim's mother, on June 11, 2024, she noticed the victim using a cell phone. She confronted the victim, who confided in her about what Philogene had done. That same day, the victim's mother drove her to Philogene's apartment, where Philogene's spouse, Yvenie Decius ("Decius"), greeted them. The victim's mother asked Philogene if he had had sexual intercourse with the victim. Philogene admitted that he knew the victim and had sexual intercourse with her. The victim's mother informed Philogene that she was going to the police and asked for an identifying document. Philogene produced his driver's license, which the victim's mother photographed She also photographed Philogene, and she later provided these photographs to the police, along with a copy of the Facebook Messenger conversation between Philogene and the victim, the phone that Philogene gave the victim, and a copy of Philogene's Facebook profile.

h. Decius provided a statement to the police corroborating the victim's mother's account statement. She also stated that Philogene apologized to her for having sex with another woman.

i. On June 19, 2024, Canadian police executed a search warrant at Philogene's apartment, in the presence of Decius. Police seized a cellphone and the bedclothes for forensic analysis. The results of these analyses are forthcoming.

j. Philogene was at work during the search. Police contacted him, and he agreed to meet the detective at his apartment to surrender; however, Philogene failed to return to the apartment. As noted above, on June 20, 2024, a warrant issued for Philogene's arrest in Canada.

k. Also on June 20, 2024, U.S. law enforcement arrested Philogene as he attempted to enter the United States illegally.

7. Philogene is currently detained at the Plymouth County Correctional Facility at 26 Long

Pond Road, Plymouth, Massachusetts, 02360. He is awaiting imminent deportation to Haiti upon a previous removal order dated November 16, 2022.

8.  Philogene likely would flee if he learned of the existence of a warrant for his arrest.

9.  The Government of Canada has represented that it will submit a formal request for extradition supported by the documents the Treaty specifies, and within the time the Treaty requires.

WHEREFORE, the undersigned requests that a warrant for Philogene's arrest issue in accordance with 18 U.S.C. § 3184 and the Treaty.

/s/ Lauren A. Graber (by Page Kelley, U.S.M.J.)
Lauren A. Graber
Assistant United States Attorney

Sworn to via telephone in accordance with Fed R. Crim. P. 4.1 this 28th day of August, 2024, at Boston, Massachusetts.

M. Page Kelley
United States Magistrate Judge

